Requestor: Carl G. Whitbeck, Jr., County Attorney Columbia County 401 State Street Hudson, New York 12534
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a resolution to terminate your county's participation in the provision of public utility services is subject to a referendum.
Municipal corporations are authorized to construct, lease, purchase, own, acquire, use and/or operate any public utility service to furnish itself or its inhabitants with utility services (General Municipal Law, § 360[2]). The proposed method of constructing, leasing, purchasing, acquiring the plant and facilities for this service; the cost of the service; and the method of furnishing the service must be fixed by resolution of the legislative body of a county (id., § 360[3]). Prior to taking effect, the proposal must be submitted to the electors of the county for approval (id., § 360[5]). State law is silent regarding the termination of these activities by the county.
You have informed us that your county has entered into agreements with the Power Authority of the State of New York to purchase hydropower and with public utilities for the distribution of such power to its residents.
It is established that a municipality may conduct a referendum only if there is a statutory grant of power to do so (1981 Op Atty Gen [Inf] 154). Government by representation is the rule and direct action by the people must be specifically authorized by State law (Matter of McCabe vVoorhis, 243 N.Y. 401 [1926]; Mills v Sweeney, 219 N.Y. 213 [1916]).
State law does not authorize referendum to terminate public utility service by a county (General Municipal Law, § 360). While State law is silent concerning the procedure for termination, we believe it is implicit that a county legislative body by resolution may terminate public utility service subject to contractual rights, the rights of holders of instruments of indebtedness and other related considerations. The fact that establishment of utility service is subject to a referendum does not imply that termination of service must also be presented to the voters. In other instances, the Legislature has specifically provided that termination of activities authorized by the electors is subject to a referendum (see Village Law, § 3-301[2][a]).
We conclude that a resolution of a county legislative body to terminate public utility services established under section 360 of the General Municipal Law is not subject to a referendum.
The Attorney General renders formal opinions only officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.